UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KATHYANN SMART. | |
| Plaintiff. | Civil Action No. 1:20cv05594 |
| — against — | **ANSWER WITH AFFIRMATIVE DEFENSES & COUNTERCLAIM** |
| USA LABOR FOR HIRE, INC., RC GLOBAL ENERGY GROUP, INC., OLEG TSIMBLER | |
| Defendants. | |

The Defendants, USA LABOR FOR HIRE INC., RC GLOBAL ENERGY GROUP, INC.,
and Oleg Tsimbler, by their attorney, Garry Pogil, submit, upon information and belief, the
Answer to the Complaint, with affirmative defenses and counterclaim, and allege as follows.

### NATURE OF THE CASE

1. Denied.  All questions of law are deferred to the Court.

2. Denied.  All questions of law are deferred to the Court.

3. Denied.  All questions of law are deferred to the Court.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.  All questions of law are deferred to the Court.

1

JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

12. Denied.  All questions of law are respectfully deferred to the Court.

13. Denied.  All questions of law are respectfully deferred to the Court.

14. Denied.  All questions of law are respectfully deferred to the Court.

15. Denied.  All questions of law are respectfully deferred to the Court.

16. Denied.  All questions of law are respectfully deferred to the Court.

17. Denied.  All questions of law are respectfully deferred to the Court.

PARTIES

18. Denied. Plaintiff did not perform work as an "Assistant."

19. Denied.  USA Labor for Hire stopped doing business in around 2018.

20. Denied. RC Global stopped doing business in or around January of 2020

21. Denied.

22. Denied.

23. Denied, except admit that Mr. Tsimbler is a Caucasian male, who was born in the Ukraine.

24. No response is required of the Defendants as no allegation is made against any of the Defendants in this paragraph.

FACTUAL ALLEGATIONS

25. Denied.

26. Denied.

27. Denied, except admit that a salary was promised to Plaintiff.

28. Denied.

29. Denied.

30. Denied.

31. Denied, except admit that Plaintiff performed duties as an investor, consultant and advisor.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied, except admit that Plaintiff was not a W-2 salaried employee, and there were no "on-boarding" documents.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied. All questions of law are deferred to the Court.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.  All questions of law are respectfully deferred to the Court.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.  All questions of law are respectfully deferred to the Court.

57. Denied.

58. Denied.

59. Admit that Plaintiff was never offered the job of an "Assistant" and should not have had any expectation to work as such.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied, except admit that, as part of a joint venture, Plaintiff was asked to promote the business of a restaurant in Grenada via her proclaimed skills in the sphere of business expansion and customer acquisition.

65. Denied.

66. Denied.

67. Denied – Plaintiff was never asked to work, and Plaintiff never worked, as a location supervisor of any hotel.

68. Denied.

69. Deny information sufficient to form a belief as to the truth of this allegation, except admit that one of Plaintiff's compensations included $700/week.

70.  Denied.

71. Denied.  All questions of law are respectfully deferred to the Court as Plaintiff was an independent contractor.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied, except admit that Plaintiff received a 1099 form.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied, except admit that Plaintiff was not issued a W-2 form.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied, except admit that Plaintiff was given funds for business-related expenses with respect to Plaintiff's duties in Grenada, and Plaintiff was given the authority to perform her duties with respect to promoting the restaurant development in Grenada.

97. Denied.

98. Denied.

99. Denied.

100.     Denied, except admit that Plaintiff was promised a percentage from the profits (if any) of a restaurant joint-venture (which included the Plaintiff) in Grenada  and Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company).

101.     Denied.

102.     Denied.

103.     Deny information sufficient to form a belief as to the truth of this allegation.

104.     Denied.

105.     Denied, except admit that Plaintiff was compensated for her work.

106.     Denied.

107.     Denied.

108.        Denied.

109.        Deny knowledge or information sufficient to form a belief about the truth of this

allegation.

110.        Denied.

111.        Denied.

112.        Denied.

113.        Denied.

114.        Denied.

115.        Denied.

116.        Denied.

117.        Denied.

118.        Denied.

119.        Denied.

120.        Denied.

121.        Denied.

122.        Denied.

123.        Denied.

124.        Denied.

125.        Denied.

126.        Denied.

127.        Denied.

128.        Denied.

129.        Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied, except admit that there was no abuse or mistreatment by Defendant

Tsimbler.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied, except admit that Defendant Tsimbler did not refer to anyone or had any

discussions as stated in this allegation.

146.     Denied, except admit as written in #145 above.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.        Denied.

152.        Denied.

153.        Denied.

154.        Denied.

155.        Denied.

156.        Denied.

157.        Denied.

158.        Denied.

159.        Denied.

160.        Denied.

161.        Deny information sufficient to form a belief as to the truth of this allegation.

162.        Denied.

163.        Denied.

164.        Denied as to the quote.

165.        Denied.

166.        Denied.

167.        Denied if this constitutes an allegation against any of the Defendants.

168.        Denied if this constitutes an allegation against any of the Defendants.

169.        Denied if this constitutes an allegation against any of the Defendants.

170.        Denied if this constitutes an allegation against any of the Defendants.

171.        Denied.

172.     Denied, except admit that Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company) was involved in several projects in Grenada, including operating a restaurant.

173.     Denied, except admit that as per the Plaintiff, she is of Grenadian descent.

174.     Denied.

175.     Denied.

176.     Denied.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied, except admit that Plaintiff was paid for lodging, rent, utilities and travel expenses during the time that she was expected to do what she was hired to do.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     To the extent this this allegation is against the Defendants, such is denied.

195.     Denied.

196.     Denied, except admit that Plaintiff understood that Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company) intended to create a television game-show in Grenada.

197.     Admit, except deny as to the characterization "Collective Defendants", and deny that Plaintiff "did setup same as directed."

198.     Admit, except deny as to the characterization of "Collective Defendants", and deny as to "Plaintiff had to."

199.     Denied.

200.     Deny the characterization of "Collective Defendants." Admit only insofar as Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company) had such plans.

201.     Admit only insofar as part of a joint venture between Plaintiff and Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company), Plaintiff would receive a percentage to be determined based on profits, if any.

202.     Deny the characterization of "Collective Defendants." Admit only insofar as Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company) had such plans. Deny that Plaintiff "did so as directed."

203. Deny the characterization of "Collective Defendants." Admit only insofar as Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company) had such plans.

204. Denied.

205. Denied.

206. Denied.

207. Denied, except Admit insofar as part of a joint venture with Plaintiff, Plaintiff and Grenada Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company), opened the restaurant ("Papi's Callaloo Restaurant and Bar") and Plaintiff's duties included client acquisition, consulting, and expansion of this business.

208. Denied, except Admit insofar as part of a joint venture with Plaintiff, Plaintiff and Grenada Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company), opened the restaurant ("Papi's Callaloo Restaurant and Bar"), and Plaintiff's duties included client acquisition, consulting, and expansion of this business.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216.     Denied.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Denied.

221.     Denied.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Denied.

226.     Denied.

227.     Denied.

228.     Denied.

229.     Denied.

230.     Denied.

231.     Denied.

232.     Denied.

233.     Denied.

234.     Denied.

235.     Denied.

236.     Denied.

237.     Denied.

238.     Denied.

239.      Denied.

240.      Denied.

241.      Denied.

242.      Denied.

243.      Denied, except admit that Defendant Tsimbler did not treat any co-worker in the

alleged manner.

244.      Deny information sufficient to form a belief as to the truth of this allegation.

245.      Denied.

246.      Denied.

247.      Denied, except admit that Defendant Tsimbler did not treat any co-worker in the

alleged manner.  All questions of law are deferred to the Court.

248.      Denied.

249.      Denied.

250.      Denied.

251.      Denied.

252.      Denied.

253.      Denied.

254.      Denied.

255.      Denied.

256.      Denied.

257.      Denied.

258.      Denied, except admit that Plaintiff was notified that her employment was being

terminated, mainly based on the allegations delineated in the Counterclaim below.

259.     Denied.

260.     Denied.

261.     Denied.

262.     Denied.

263.     Denied.

264.     Denied.

265.     Denied.

266.     Deny information sufficient to form a belief as to the truth of this allegation.

267.     Denied.

268.     Denied.

269.     Deny information sufficient to form a belief as to the truth of this allegation.

270.     Admit that Plaintiff advised of lack of funds.

271.     Denied.

272.     Deny information sufficient to form a belief as to the truth of this allegation.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Denied.

277.     Denied.

278.     Denied.

279.     Denied.

280.     Admit only insofar that a plane ticket was purchased.

281.     Denied.

282.     Deny information sufficient to form a belief as to the truth of this allegation.

283.     Denied.

284.     Denied.

285.     Deny information sufficient to form a belief as to the truth of this allegation.

286.     Deny information sufficient to form a belief as to the truth of this allegation.

287.     Denied.

288.     Denied.

289.     Denied.

290.     Denied. All questions of law are deferred to the Court.

291.     Denied.

292.     Denied.

293.     Denied, except admit that in relation to the Plaintiff, Mr. Tsimbler was acting as an agent for Agro Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this company).

294.     Denied.

295.     Denied.

296.     Denied.

297.     Denied.

298.     Denied.

299.     Denied.

300.     Denied.

301.     Denied. All questions of law are deferred to the Court.

302.     Defendants incorporate all of the above into this response.

303.     Denied. All questions of law are deferred to the Court.

304.     Denied. All questions of law are deferred to the Court.

305.     Deny information sufficient to form a belief as to the truth of this allegation.

306.     Denied.

307.     Denied.

308.     Denied.

309.     Denied.

310.     Denied.

311.     Denied.

312.     Denied.

313.     Denied.

314.     Denied.

315.     Denied.

316.     Denied.

317.     Denied.

318.     Denied.

319.     Denied.

320.     Denied.

321.     Denied.

322.     Defendants incorporate the above responses in this allegation.

323.     All questions of law are deferred to the Court.  This is not an allegation against any of the Defendants.

324.     Denied. All questions of law are deferred to the Court.

325.     Denied.

326.     Deny information sufficient to form a belief as to the truth of this allegation.

327.     Denied.

328.     Denied.

329.     Denied.

330.     Denied.

331.     Denied.

332.     Denied.

333.     Denied.

334.     Denied.

335.     Denied.

336.     Denied.

337.     Denied. All questions of law are deferred to the Court.

338.     Denied.

339.     Denied.

340.     Denied.

341.     Defendants incorporate the above responses in this response.

342.     Defendants incorporate the above responses in this response.

343.     All questions of law are deferred to the Court.  No allegation is made here against any of the Defendants.

344.     Denied.

345.     Denied, except admit that Plaintiff was told she would be compensated and that she would get a share of the profits, if any, from the restaurant joint-venture in Grenada.

346.    Denied.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Defendants incorporate all of their above responses in this response.

361.    Denied.  All questions of law are deferred to the Court.

362.    Denied.

363.    Denied. All questions of law are deferred to the Court.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

369.      Denied.

370.      Denied.

371.      Denied.

372.      Denied.

373.      Denied.

374.      Denied.

375.      Denied.

376.      Denied.

377.      Denied.

378.      Denied.

At this point in the complaint, the allegations are misnumbered.

Fifth Cause of Action

340. Defendants incorporate all of the above response in this response.

341. Denied. All questions of law are deferred to the Court.

342. Denied. All questions of law are deferred to the Court.

343. Denied.

344. Denied.

345. Defendants only admit that Plaintiff did not work "set hours."

346. Denied.

347. Denied.

348. Denied.

349. Denied.

350. Denied.

351. Denied.

352. Defendants only admit that Plaintiff "was not required to use any kind of clock-in or clock-out mechanism."

353. Denied.

354. Denied.

355. Denied.

356. Denied.

357. Denied.

358. Denied.

<u>Sixth Cause of Action</u>

359. Defendants incorporate all of the above responses in this allegation.

360. Denied. All questions of law are deferred to the Court.

361. Denied. All questions of law are deferred to the Court.

362.  Defendants admit that Plaintiff did not work "set hours."

363. Denied.

364. Denied.

365. Denied.

366. Denied.

367. Denied.

368. Denied.

369. Defendants admit that Plaintiff "was not required to use any kind of clock-in or clock-out mechanism."

370. Denied.

371. Denied.

372. Denied.

373. Denied.

374. Denied.

375. Denied.

376. Denied.

Here the complaint again is misnumbered and continues with 379 instead of 377.

<u>Seventh Cause of Action</u>

379.    Defendants incorporate all of the above responses in this response.

380.    All questions of law are deferred to the Court. No allegation is stated against any of the Defendants.

381.    Deny information sufficient to form a belief as to the truth of this allegation.

382.    Denied.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied.

393.     Denied.

394.     Denied.

395.     Denied.

396.     Denied.

397.     Denied.

<u>Eighth Cause of Action</u>

398.     Defendants incorporate all of the above in this allegation.

399.     All questions of law are deferred to the Court. No allegation is made here against
any of the Defendants.

400.     Denied.

401.     Denied.

402.     Denied.

403.     Denied.

404.     Denied.

405.     Denied.

406.     Denied.

407.     Denied.

408.     Denied.

409.     Denied.

410.     Denied.

411.     Denied.

412.     Denied.

413.     Denied.

414.     Denied.

415.     Denied.

Ninth Cause of Action

416.     Defendants incorporate all of the above in this response.

417.     All questions of law are deferred to the Court. No allegation is made here against any of the Defendants.

418.     Denied.

419.     Denied.

420.     Denied.

421.     Denied.

422.     Denied.

423.     Denied.

424.     Denied.

425.     Denied.

426.     Denied.

427.     Denied.

428.     Denied.

429.     Denied.

Tenth Cause of Action

430.     Defendants incorporate all of the above responses in this response.

431.     No allegation is made here against any of the Defendants, and all questions of law are deferred to the Court.

432.     Denied.

433.       Deny information sufficient to form a belief as to the truth of this allegation.

434.       Denied.

435.       Denied.

436.       Denied.

437.       Denied.

438.       Denied.

439.       Denied.

440.       Denied.

441.       Denied.

442.       Denied.

443.       Denied.

444.       Denied.

445.       Denied.

446.       Denied.

447.       Denied.

448.       Denied.

449.       Denied.

450.       Denied.

451.       Denied.

452.       Denied.

453.       Denied.

454.       Denied.

Eleventh Cause of Action

455.     Defendants incorporate all of the above responses in this response.

456.     No allegation is made here against any of the Defendants, and all questions of law

are deferred to the Court.

457.     Denied.

458.     Denied.

459.     Deny information sufficient to form a belief as to the truth of this allegation.

Additionally, it is not clear to which complaints this allegation refers to.

460.     Denied.

461.     Denied.

462.     Denied.

463.     Denied.

464.     Denied.

465.     Denied.

466.     Denied.

467.     Denied.

468.     Denied.

469.     Denied.

470.     Denied.

471.     Denied.

472.     Denied.

473.     Denied.

474.     Denied.

Twelfth Cause of Action

475.      Defendants incorporate all of the above responses in this response.

476.      No allegation is made here against any of the Defendants, and all questions of law are deferred to the Court.

477.      Denied: all questions of law are deferred to the Court.

478.      Denied: all questions of law are deferred to the Court.

479.      Denied.

480.      Denied.

481.      Denied.

482.      Denied.

483.      Denied.

484.      Denied.

485.      Denied.

486.      Denied.

487.      Denied.

488.      Denied.

Here again the complaint is out of sequence and picks up with #451.

Thirteenth Cause of Action

451. Defendants incorporate all of the above responses in this response.

452. Denied: all questions of law are deferred to the Court.

453. Denied: all questions of law are deferred to the Court.

454. Denied.

455. Denied.

456. Defendants only admit here that "Plaintiff did not work set hours."

457. Denied.

458. Denied.

459. Denied.

460. Denied.

461. Denied.

462. Denied.

463. Defendants admit here that Plaintiff "was not required to use any kind of clock-in or clock-out mechanism."

464. Denied.

465. Denied.

466. Denied.

467. Denied.

468. Denied.

469. Denied.

470. Denied.

Fourteenth Cause of Action

471. Defendants incorporate all of the above responses in this response.

472. Denied. All questions of law are deferred to the Court.

473. Denied. All questions of law are deferred to the Court.

474. Defendants admit only that Plaintiff "did not work set hours."

475. Denied.

476. Denied.

477. Denied.

478. Denied.

479. Denied.

480. Denied.

481. Defendants admit only that Plaintiff "was not required to use any kind of clock-in or clock-out mechanism."

482. Denied.

483. Denied.

484. Denied.

485. Denied.

486. Denied.

487. Denied.

488. Denied.

Fifteenth Cause of Action

489. Defendants incorporate all of the above responses in this response.

490. Deny information sufficient to form a belief as to this allegation, and all questions of law are deferred to the Court.

491. Denied.

492. Denied.

493. Denied.

494. Denied.

495. Denied.

496. Denied.

497. Denied.

Sixteenth Cause of Action

498.     Defendants incorporate all of the above in this response.

499.     Denied. All questions of law are deferred to the Court.

500.     Denied.

501.     Denied.

502.     Denied.

503.     Denied.

504.     Denied.

505.     Denied.

506.     Denied.

Seventeenth Cause of Action

507.     Defendants incorporate all of the above in this response.

508.     Denied.

509.     Denied, except admit that Plaintiff entered into a joint venture with Agro

Management Co. LTD (where Mr. Tsimbler is listed as one of the Directors of this

company).

510.     Denied.

511.     Denied.

512.     Denied.

513.     Denied.

514.     Denied.

515.     Denied.

516.     Denied.

517.     Denied.

518.     Denied.

519.     Denied.

520.     Denied.

521.     Denied.

Eighteenth Cause of Action

522.     Defendants incorporate all of the above in this response.

523.     Denied.

524.     Denied, except admit that most business-related expenses would be covered.

525.     Denied.

526.     Denied.

527.     Denied.

528.     Denied.

529.     Denied.

530.     Denied.

531.     Denied.

532.     Denied.

533.     Denied.

534.     Denied.

535.     Denied.

## FIRST AFFIRMATIVE DEFENSE

Failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrines of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the doctrines of assumption of

risk.

## FOURTH AFFIRMATIVE DEFENSE

Failure to mitigate the alleged damages: such damages are denied.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's termination of employment was for a legitimate business reason.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Tsimbler may not be held personally liable.

## SEVENTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction as to Defendant Tsimbler as Mr. Tsimbler was not served

with the summons and complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Violation of the Federal Rules of Civil Procedure as to pleading.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was not an employee of any of the Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff can properly be classified as an independent contractor.

## COUNTERCLAIM

### *(Breach of a Fiduciary Duty)*

1. Plaintiff and Defendant Tsimbler entered into a joint venture, primarily to develop and expand the restaurant in Grenada, entitled "Papi's Callaloo Restaurant and Bar."

2. Additionally, Plaintiff collected a salary and expected a share of the profits if the restaurant would ever become profitable. Plaintiff's duties included expanding the restaurant business, consulting, marketing, and customer acquisition.

3. This joint venture and employment imposed upon the Plaintiff a fiduciary duty.

4. During the course of such employment, Plaintiff tried to stage certain parties/events to attract customers, where Plaintiff was expected to be the face of the restaurant and to promote and market such. However, Plaintiff was noticeably intoxicated at such parties and distributed alcohol free of charge. Such unprofessional behavior was without consent of Mr. Tsimbler, contrary to the Plaintiff's duties, and such behavior drew shock and disgust from the restaurant's customers.

5. Upon information and belief, the source of such information being one of the restaurant supervisors in Grenada, Gerome Philburgh, Plaintiff initiated a physical altercation with Mr. Philburgh in the presence of other guests at the restaurant, with such guests being visibly shocked and disgusted by Plaintiff's conduct.

6. Upon information and belief, the source of such being one of the managers of the restaurant, Andrey Krushelnytsky, the Plaintiff was noticeably intoxicated at two functions that Plaintiff was supposed to set up and promote, which was without consent and in direct contravention of her duties.

7.  Upon information and belief, the source of such being Peter Ashton, the driver for the restaurant, Plaintiff repeatedly insulted and embarrassed Mr. Ashton in public by calling him "stupid" and "idiot." Such conduct was without consent and in direct contravention of Plaintiff's duties.

8.  Plaintiff failed to perform any of her duties in promoting the restaurant or expanding its business.

9.  As a direct result of the above misconduct, the restaurant operations failed, its reputation tarnished, causing damages in the amount to be determined at trial.

10.  As a result of the foregoing, judgment is requested against the Plaintiff in the amount to be determined at trial.

Dated: New York, New York
          December 14, 2020


by:                     _Garry Pogil_
                        Garry Pogil (*Attorney for Defendants*)
                        1120 6th Avenue, 4th Floor,
                         New York, NY 10036
                        Email: garry.pogil@gmail.com
                        Tel: 212-626-6825
                        Fax: 646-349-3468