**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X    **Docket No.:** 20-cv-05594
                                                                                                   (EK) (VMS)

KATHYANN SMART,

                             Plaintiff,

                                                                           *PROPOSED*
      - against –                                                   **JOINT PRETRIAL ORDER**

USA LABOR FOR HIRE, INC., RC GLOBAL
ENERGY GROUP, INC., and OLEG TSIMBLER,
*In His Official and Individual Capacities*,

                             Defendants.
-----------------------------------------------------------------X

      The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, and pursuant to this Court's Individual Motion Practices and Rules V(A), the following statements, directions, and agreements are adopted as the Pretrial Order herein.

    **1.** **Full Caption of the Action**

See above.

    **2.** **Trial Counsel Contact Information**

<u>Attorneys for Plaintiff Kathyann Smart</u>
Gregory Calliste, Jr., Esq.
**PHILLIPS & ASSOCIATES, PLLC**
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
gcalliste@tpglaws.com

<u>Attorneys for Defendants, USA Labor For Hire, RC Energy Group & Oleg Tsimbler</u>
Garry Pogil, Esq.
Law Offices of Garry Pogil
1120 Avenue of the Americas, 4th Floor
New York, NY 10036
T: 212-626-6825
F: (646) 349-3468
garry.pogil@gmail.com

3. **Subject Matter Jurisdiction**

**Plaintiff's Statement:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Eastern District of New York or the acts complained of occurred therein. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, particularly 42 U.S.C. §§ 2000e *et seq*. In addition, this Court has subject matter jurisdiction over Plaintiff's State and City law claims pursuant to 28 U.S.C. § 1367, particularly New York State Executive Law §§296, *et seq*. and N.Y.C. Admin. Code § 8-107 *et seq.*

**Defendants' Statement:**

It is the Defendants' position, first of all, that there is no jurisdiction over the Plaintiff on any of her claims under the theory that has always been an independent contractor. The second point is that there is no subject matter jurisdiction to the extent that any of the Plaintiff's claims (including under 42 U.S.C. §§2000e *et seq* and the Fair Labor Standards Act (29 U.S.C. §§201-219) relate to the work that she performed in another country: Grenada; especially since Defendants will present evidence that Plaintiff was an independent contractor and entered into a business venture with co-defendant Mr. Tsimbler. Additionally, Title VII does not apply to individual employees like co-defendant Mr. Tsimbler. (*See Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003).

4. **Summary of Claims and Defenses**

   **Plaintiff's Claims:**

1.      PLAINTIFF complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the New York State Human Rights Law, New York State Executive Law §§296, *et seq*. ("NYSHRL"), the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et seq. ("NYCHRL") and seeks damages to redress the injuries PLAINTIFF has suffered as a result of being discriminated against on the basis of her sex/gender, race/color, and national origin. Further, PLAINTIFF asserts that she was subject to retaliation and a hostile work environment for engaging in protected activities and complaining about discriminatory abuse.

2.      PLAINTIFF also makes claims herein for misclassification leading to illegal wage violations under the Fair Labor Standards Act ("FLSA"); violations of the New York State Labor Law ("NYLL") and breach of contract as PLAINTIFF was not paid, not paid timely, not reimbursed for employment-related expenses, not given the benefits of an employment agreement made between the Parties and was not paid a fair minimum wage in accordance with the law.

3.      Also, PLAINTIFF asserts a claim for defamation *per se* against DEFENDANT OLEG TSIMBLER for disparaging PLAINTIFF'S chastity and professional reputation.

**Relevant Facts Supporting Plaintiff's Claims:**

PLAINTIFF KATHYANN SMART was employed as a "Project Manager" and "Assistant" at/with DEFENDANTS, USA LABOR FOR HIRE, INC. and DEFENDANT RC GLOBAL ENERGY GROUP INC. PLAINTIFF was an employee of DEFENDANTS, but DEFENDANTS continued to misclassify her as an independent contractor.

During her employment, PLAINTIFF was subjected to ongoing, continuous, and systematic sexual/gender-based discrimination by her manager DEFENDANT OLEG TSIMBLER. Among other things, DEFENDANT OLEG TSIMBLER repeatedly and routinely referred to PLAINTIFF as a *"Cyka," "fucking cyka," "stupid cyka."* The word *"Cyka"* means *"bitch"* in the Russian/Ukrainian language. DEFENDANT OLEG TSIMBLER made sexually inappropriate comments to PLAINTIFF, such as falsely commenting about PLAINTIFF'S sex life and personal sexual relationships, while falsely accusing PLAINTIFF of wild sexual behavior. DEFENDANT OLEG TSIMBLER humiliated and embarrassed PLAINTIFF in front of her coworkers, business affiliates, and friends with sexual innuendo and inappropriate allegations of sexual activity. Also, DEFENDANT OLEG TSIMBLER occasionally called PLAINTIFF *"sexy Katya"* and other sexually inappropriate phrases. All of the above actions against PLAINTIFF were committed by DEFENDANT OLEG TSIMBLER due to PLAINTIFF'S sex/gender.

PLAINTIFF was subjected to ongoing, continuous, and systematic race/color-based discrimination by her manager DEFENDANT OLEG TSIMBLER. Among other things and verbal abuse, DEFENDANT OLEG TSIMBLER referred to PLAINTIFF and her community, which is primarily African American/Black in racially derogatory ways.

As for the Black people in PLAINTIFF'S community, DEFENDANT OLEG TSIMBLER referred to same as *"stupid," "lazy,"* and *"lazy black people,"* while making further derogatory statements such as, *"I can't drive around in your neighborhood, look at this," "black people will spend their money on the biggest car but can't afford to pay rent"* and similar statements. PLAINTIFF protested the statements and was met with further insults from DEFENDANT OLEG TSIMBLER.

But then, DEFENDANT OLEG TSIMBLER began repeatedly referring to PLAINTIFF in the same manner as *"stupid," "dumb"* and *"lazy."* DEFENDANT OLEG TSIMBLER did not call PLAINTIFF'S non-African American/Black coworkers in this way.

While subjecting PLAINTIFF to an abusive hostile work environment based on her characteristics, DEFENDANT OLEG TSIMBLER also refused and intentionally failed to pay PLAINTIFF in accordance with the FLSA and the NYLL. PLAINTIFF was misclassified as an independent contractor and was not provided with proper employment documents because DEFENDANTS were trying to avoid paying payroll taxes for PLAINTIFF. PLAINTIFF was not compensated for her overtime hours worked or for working holidays, nights, etc. PLAINTIFF was not given proper tax filing documents and whenever PLAINTIFF asked for proper documentation consistent with her employment, PLAINTIFF was subject to further verbal abuse, harassment, promises to correct, and intimidation.

**Defendants' Counter Claims/Defenses:**

In addition to the jurisdictional challenges as noted above, Defendants assert the following defenses as delineated in their answers: Failure to state a claim upon which relief may be granted; Doctrine of Waiver; Assumption of Risk; Failure to mitigate damages, which are denied; Termination of Plaintiff's employment was for legitimate business reasons; Lack of personal liability as to co-defendant Mr. Tsimbler; Plaintiff was not an employee of any of the Defendants but an independent contractor.

**5. Jury and Length of Trial**

The case is to be tried before a jury. The estimated total length of the trial is 2-4 trial days.

**6. Magistrate Judge**

The Parties do not consent to trial of the case by a magistrate judge.

**7. The Parties' Stipulations of Fact and Law**

1. Plaintiff is an African American Female, of Grenadian Descent.

2. Individual Defendant Oleg Tsimbler is a Caucasian male, who is of Ukrainian Descent.

3. Corporate Defendant USA LABOR FOR HIRE, INC. (hereinafter "USALFH") is a business corporation operating under the laws of the State of New York, and claims that it has "over 600 people working for different companies and various fields" on its internet page.

4. Corporate Defendant RC GLOBAL ENERGY GROUP INC., (hereinafter "RCGEG") is a domestic business corporation duly formed under the laws of the State of New York, Kings County.

5. Corporate Defendants USALFH and RCGEG operate out of the same office location.

6. Plaintiff returned to the United States from Grenada in February 2020.

**8. Witness Lists with Summary of Testimony**

**Plaintiffs' Witnesses**

1. PLAINTIFF Kathyann Smart

2. DEFENDANT Oleg Tsimbler

3.  Svitlana Krushelnytska - Employee of Defendants, who can offer testimony about Plaintiff's employment, issues with Defendant Tsimbler, policies and procedures of Defendant Corporations.

4.  Natalie Gritsayuk - Employee of Defendants, who can offer testimony about Plaintiff's employment, issues with Defendant Tsimbler, policies and procedures of Defendant Corporations.

5.  Roman Chert - Officer of Corporate Defendants, who can offer testimony about Defendant Tsimbler, the policies and procedures of Defendant Corporations.

6.  George Twin - Employee of Defendants, who can offer testimony about Plaintiff's employment, issues with Defendant Tsimbler, policies and procedures of Defendant Corporations.

7.  Rachael Telesford – Plaintiff's family member, who is familiar with Plaintiff's employment at Corporate Defendant and can offer insight as to Plaintiff's damages.

8.  Terri Streat - Plaintiff's friend, who is familiar with Plaintiff's employment at Corporate Defendant and can offer insight as to Plaintiff's damages.

9.  Rosaland Telesford - Plaintiff's family member, who is familiar with Plaintiff's employment at Corporate Defendant and can offer insight as to Plaintiff's damages.

10. Christopher Whint – Fact witness, who can offer insight about Plaintiff's employment, relocation to, and residency in, Grenada, W.I.

11. Clifford Brown - Fact witness, who can offer insight about Plaintiff's employment and relationship with Defendant Tsimbler as it relates to Plaintiff's tasks in Grenada, W.I.

12. Alisha Peters - Plaintiff's friend, who is familiar with Plaintiff's employment at Corporate Defendant and can offer insight as to Plaintiff's damages.

13. Cathyann Alexander - Fact witness, who can offer insight about Plaintiff's employment, relocation to, and residency in, Grenada, W.I.

14. Dr. Babu N. Jasty, MD – Plaintiff's doctor (treating). Can offer testimony about Plaintiff's damages.

15. George Mitchell MD. - Plaintiff's doctor (treating). Can offer testimony about Plaintiff's damages.

Plaintiff reserves the right to call his witnesses in any order, as well as to call any witness on DEFENDANTS' witness list to the extent they have relevant or otherwise admissible testimony. Plaintiff reserves the right not to call any witness listed above. Plaintiff further reserves his right to call any witness, pursuant to the Federal Rules of Evidence, to rebut or otherwise

impeach testimony given by any witness in this trial.

**Defendants' Witnesses**

Oleg Tsimbler – 2315 East 22nd, St, Apt 1R, Brooklyn, NY 11235 – 718-300-2785. Expected testimony: nature of Plaintiff's employment as well as Plaintiff's misconduct that led to cessation of her employment.
Svitlana Krushelnytska – 2807 W 15th Street, Brooklyn, NY 11224 – 347-445-5384. Expected testimony: nature of Plaintiff's employment.
Natalya Gritsayuk - 2807 W 15th Street, Brooklyn, NY 11224 – 917-817-9317. Expected testimony: nature of Plaintiff's employment, including the loan advanced to the Plaintiff.
Andrii Krushelnytskyi – Belmont Street, St. George Grenada w.i. – 473-417-2358. Expected testimony: nature of Plaintiff's employment as well as Plaintiff's misconduct which led to cessation of her employment. This witness will testify remotely from Grenada.
Jerome Felberg -St. Patrick, Grenada - 473-420-3285. Expected testimony: nature of Plaintiff's employment as well as Plaintiff's misconduct that led to cessation of her employment. This witness will testify remotely from Grenada.
Peter Ashton-Grenville, Grenada, 473-415-6684. Expected testimony: nature of Plaintiff's employment as well as Plaintiff's misconduct that led to cessation of her employment. This witness will testify remotely from Grenada.

### 9. Deposition Designations

Plaintiff's Deposition Designations

Plaintiff does not anticipate using any deposition testimony or designations other than for rebuttal and/or impeachment purposes, or in the event any of Plaintiff's witnesses are deemed to be unavailable at the time of trial pursuant to Fed. R. Civ. P. 32(a)(4).

Defendants' Deposition Designations

Plaintiff's deposition from August 26, 2021. P.19:8-23; P.20:18-25; P.21:1-3; P.30:15-22; P.34:13-25; P.35:12-16; P.44:20-25; P.50:9-25; P.51:1-10; Pp.59-60; P.63:11-14, 25; P.64:1-17.

### 10. Exhibit Lists

After conferring with opposing counsel, my understanding is that the written and audio statements are being offered for their truth, and so any objection below based on hearsay is predicated on the assumption that the contents are being offered for their truth. I have asked opposing counsel whether he will rely on any exception to the hearsay rule, however, no exception was provided as opposing counsel believes that none of the written or audio communication is being offered for the truth.

Plaintiff's Exhibits

| Exhibit No. | Document Description | Bates-Stamp Numbers | Objections |
|---|---|---|---|
| 1 | Plaintiff's EEOC Charge Of | 000001 - 000031 | No objection if not |

6

|  | Discrimination, dated 4/23/2020 |  | offered for the truth of its contents. |
|---|---|---|---|
| 2 | EEOC Notice Of Right to Sue, dated 9/22/2020 | 000032 - 000035 | No objection. |
| 3 | Various documents in response to FOIA Request to the EEOC | 000036 - 000150 | No objection. |
| 4 | Smart Confidential – Video | 000153 | Objection as to relevance. |
| 5 | Smart Job Search Documents | 000154 -000232 | No Objection. |
| 6 | Letter Form K. Smart to USA Labor For Hire, dated 2/21/2020 | 000233 - 000235 | Objection based on hearsay as to what somebody else told Plaintiff. |
| 7 | Various witness statements | 000234 - 000243 | Objection based on hearsay. An additional objection is based on some letters being unsigned (foundation). |
| 8 | Various Form 1099 for K. Smart | 000244 – 000247, 354 | No objection. |
| 9 | Memo from Svitlana Krushelnytska "To Whom It May Concern," dated 11/10/2017 | 000248 | No objection. |
| 10 | Various paychecks from RC Global Energy Group to K. Telesford | 000249 - 000252 | No objection. |
| 11 | Memo from Svitlana Krushelnytska "To Whom It May Concern," dated 5/25/2018 | 000253 | No objection. |
| 12 | Letter from K. Smart to Comptroller, Inland Revenue Division at Ministry of Finance, dated 8/18/2019 | 000261 | No objection. |
| 13 | Letter from C. Whint to K. Smart, re: "Rent payment," dated 12/1/2019 | 000262 | Objection based on hearsay, and an additional objection based on foundation (unsigned letter). |
| 14 | Letter from O. Tsimbler to "Mr. Mitchell," dated 5/9/2019, re: Letter of intent to purchase property and attachments | 000263-000268 | Objection based on hearsay, and an additional objection based on foundation (unsigned letter). |
| 15 | Brochure | 000270 - 000272 | No objection. |

| 16 | "Fancy Girl Table" – "Scottadito Osteria Toscana" | 000273 - 000279 | Objection as to relevance. |
|---|---|---|---|
| 17 | "List" | 000280 | Objection as to relevance. |
| 18 | Emails from K. Telesford to L. Gordon, Amazon and Clifford Browne, dated 5/2/2019, 5/4/2019 and 4/30/2019 | 000281 - 000283 | Objection based on hearsay if offered for the truth of its contents. |
| 19 | "Marvel Contracting WLL" | 000284 - 000296 | No objection if relevance can be established. |
| 20 | "Menu Farm Docx," dated 2/1/2019 - | 000297 - 000305 | No objection if relevance can be established. |
| 21 | Emails from K. Smart to Svitlana Krushelnytska, dated 12/3/2017 | 000309 - 000323 | Objection based on hearsay if offered for the truth of its contents. |
| 22 | Letter from C. Browne to E. Morain, dated 10/2/2019 | 000324 - 000327 | Objection based on hearsay if offered for the truth. Irrelevant. |
| 23 | Calendar entries | 000328 - 000329 | Objection based on hearsay if offered for the truth. |
| 24 | Memo re: Grenada Argo management and Paradise Lounge | 000330 - 000332 | Objection based on hearsay if offered for the truth. |
| 25 | Memo re: USALFH Corp. | 000335 - 000338 | Objection based on hearsay if offered for the truth. |
| 26 | Temporary Auto ID Cards | 000339 | Irrelevant. Labor for Hire Inc is not a party to this case. |
| 27 | Various emails from K. Telesford to re: "most recent conversation" | 000340 - 000342 | Objection based on hearsay if offered for the content's truth. |
| 28 | Email from K. Telesford to Svitlana Krushelnytska, and Lana | 000348 - 000357 | Objection based on hearsay if offered for the content's truth. |
| 29 | Emails between K. Telesford and Svitlana Krushelnytska with invoices from 3/2018 | 000361 - 000367 | Objection based on hearsay if offered for the truth. |
| 30 | "Housekeep Services Invoices and | 000372 - 000378 | Objection based on |

8

| | | | |
|---|---|---|---|
| | related emails" | | hearsay if offered for the truth. |
| 31 | Email from K. Telesford to Svitlana Krushelnytska, re: "correction," dated 8/16/2018 | 000383 - 000384 | Objection based on hearsay if offered for the truth. |
| 32 | Invoices and related communications | 000385 - 000398 | Objection based on hearsay if offered for the truth. |
| 33 | Emails from K. Telesford to K. Chun, dated 3/20/2021 | 000409 -000410 | Objection based on hearsay if offered for the truth. |
| 34 | Email from K. Telesford to Svitlana Krushelnytska | 000411 | Objection based on hearsay if offered for the content's truth. |
| 35 | Various voice messages form K. Smart re: USALFH business | 000412 - 000434 | Objection based on hearsay if offered for the content's truth. Irrelevant. |
| 36 | Official Record of Benefit Payment History | 000456 - 000460 | No objection (subject to review of the unredacted version) |
| 37 | Paypal Transaction History 1/1/2019 – 12/27/2019 | 000461 - 000463 | No objection. |
| 38 | What's App Messages between K. Smart and Keith Ashby | 000464 - 000465 | Objection based on hearsay if offered for the content's truth. Document was not provided in its entirety. |
| 39 | Conversations and texts with Oleg Tsimbler | 000466 - 000541 | Objection based on hearsay if offered for the content's truth. |
| 40 | Texts with Natalie | 000542 – 000608, 819 | Objection based on hearsay if offered for the content's truth. |
| 41 | Texts with Lana | 000609 - 000627 | Objection based on hearsay if offered for the content's truth. |
| 42 | Texts with Gary Pogil | 000628 - 000643 | Objection based on hearsay if offered for the content's |

9

| | | | |
|---|---|---|---|
| | | | truth. Irrelevant. |
| 43 | Texts with Andrew | 000646 - 000687 | Objection based on hearsay if offered for the content's truth. |
| 44 | Conversation with B. Alvarez | 000694 - 000708 | Objection based on hearsay if offered for the content's truth. |
| 45 | Conversation with Dora | 000717 - 000736 | Objection based on hearsay if offered for the content's truth. |
| 46 | Conversation George Twin | 000738 | Objection based on hearsay if offered for the content's truth. |
| 47 | Conversation with Jackie Microtel | 000744 - 000746 | Objection based on hearsay if offered for the content's truth. |
| 48 | Conversation with Joaquin | 000748 - 000749 | Objection based on hearsay if offered for the content's truth. |
| 49 | Conversation with Nastya Job Anastasia | 000754 - 000757 | Objection based on hearsay if offered for the content's truth. |
| 50 | Conversation with Maria C | 000759 - 000765 | Objection based on hearsay if offered for the content's truth. |
| 51 | Conversation with Sade | 000774 - 000777 | Objection based on hearsay if offered for the content's truth. |
| 52 | Conversation with Sam- Oleg | 000778 - 000782 | Objection based on hearsay if offered for the content's truth. |
| 53 | Conversation with Terri | 000787 - 000802 | Objection based on hearsay if offered for the content's truth. |
| 54 | Conversation with Vitaly | 000803 | Objection based on |

10

| | | | hearsay if offered for the content's truth. |
|---|---|---|---|
| 55 | Conversation with +17183144040 | 000828 - 000829 | Objection based on hearsay if offered for the content's truth. |
| 56 | Conversation with +18562078356 | 000881-000883 | Objection based on hearsay if offered for the content's truth. |
| 57 | Vibr Texts With O. Tsimbler | 000886 – 001225, 001255 - 001256 | Objection based on hearsay if offered for the content's truth. |
| 58 | Vibr texts With Andrew | 001226 | Objection based on hearsay if offered for the content's truth. |
| 59 | Vibr With Natalie | 001245 - 001254 | Objection based on hearsay if offered for the content's truth. |
| 60 | Virous Screenshots from Plaintiff's Phone | 001295 - 002004 | Objection based on hearsay if offered for the content's truth. Irrelevant. |
| 61 | Video | 002005 | |
| 62 | Various voice memos and recording from K. Smart | 002006 - 002056 | Objection based on hearsay if offered for the content's truth. |
| 63 | Publications Order Forms | 002067 - 002078 | Objection based on hearsay if offered for the content's truth. Irrelevant. |
| 64 | Refreshment House Licenses | 002079 - 002081 | No objection. |
| 65 | Vibr Messages With Alex-Sasha | 002082 - 002085 | Objection based on hearsay if offered for the content's truth. |
| 66 | Whatsapp Messages With Andrew | 002086 - 002106 | Objection based on hearsay if offered for the content's truth. |
| 67 | Messages with Bryan Alvarez | 002107 | Objection based on |

|    |                                |                  |                                                           |
|----|--------------------------------|------------------|-----------------------------------------------------------|
|    |                                |                  | hearsay if offered for the content's truth.               |
| 68 | Messages with Clifford Brown-Argo | 002108 - 002131 | Objection based on hearsay if offered for the content's truth. |
| 69 | Messages with Donna Academy    | 002138 - 002144  | Objection based on hearsay if offered for the content's truth. |
| 70 | Messages with Dora             | 002145 - 002149  | Objection based on hearsay if offered for the content's truth. |
| 71 | Messages with George Twin      | 002153 - 002202  | Objection based on hearsay if offered for the content's truth. |
| 72 | Messages with Jerry McPhill    | 002210 - 002212  | Objection based on hearsay if offered for the content's truth. |
| 73 | Messages with Keith Ashby      | 002213 - 002223  | Objection based on hearsay if offered for the content's truth. |
| 74 | Messages with Mandy            | 002224 - 002233  | Objection based on hearsay if offered for the content's truth. |
| 75 | Messages With Mitchell – Lawyer | 002234 - 002235 | Objection based on hearsay if offered for the content's truth. |
| 76 | Messages with Natalie          | 002236 -002253   | Objection based on hearsay if offered for the content's truth. |
| 77 | Whatsapp with Oleg             | 002256 - 002351  | Objection based on hearsay if offered for the content's truth. |
| 78 | Messages with Peter David      | 002352 - 002361  | Objection based on hearsay if offered for the content's |

| | | | truth. |
|---|---|---|---|
| 79 | Messages with Jen Pierre | 002362 - 002364 | Objection based on hearsay if offered for the content's truth. |
| 80 | Messages with Queen Elizabeth Home | 002365 - 002366 | Objection based on hearsay if offered for the content's truth. |
| 81 | Messages with Shemrock | 002379 - 002385 | Objection based on hearsay if offered for the content's truth. |
| 82 | Messages with Sonia | 002386 - 002389 | Objection based on hearsay if offered for the content's truth. |
| 83 | Whatsapp messages with Victoria | 002390 - 002389 | Objection based on hearsay if offered for the content's truth. |
| 84 | Messages with Cathy-Ann Bar | 002409 - 002419 | Objection based on hearsay if offered for the content's truth. |
| 85 | Medical Records from Jasty & Manvar, PC | 002429 - 002484 | Objection as to foundation. No business-record certification is attached. Hearsay as to those statements not made for the purpose of a medical diagnosis. |
| 86 | Medical Note and related record from George Mitchell MD. | 002485 | Objection as to foundation. No business-record certification is attached. Hearsay. |

Plaintiff reserves his right to supplement the Exhibit List and to offer additional documents in evidence-based on Defendants' presentation of evidence and to utilize documents identified by Defendants in their Exhibit List.

Defendants' Exhibits

| Exhibit No. | Document Description | Bates-Stamp Numbers | Objections |
|---|---|---|---|
| 1 | Email from Plaintiff to Ms.Gritsayuk—01/16/2020 | Exhibit "A" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay) |
| 2 | 1099s issued to Plaintiff by corporate Defendants. | Exhibit "B" | FRCP Rules 401/402 (relevance); 105 (limited purpose) |
| 3 | Paypal transactions as to Plaintiff | Exhibit "C" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 4 | Payroll Summary as to Plaintiff | Exhibit "D" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 5 | Text messages between | Exhibit "E" | FRCP Rules |

14

|   |   |   |   |
|---|---|---|---|
|   | Plaintiff and Ms. Gritsayuk on July 9, 2019 |   | 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay) |
| 6 | Plaintiff's letter to Grenada's Comptroller, dated August 18, 2019 | Exhibit "F" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 7 | Documents related to bookings for Plaintiff and her family to Grenada | Exhibit "G" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 8 | Letter sent to USALFH Corp by Plaintiff, dated February 21, 2020 | Exhibit "H" |   |
| 9 | Text messages between Plaintiff and Ms. Gritsayuk | Exhibit "I" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, |

| | | | evidence not previously disclosed during discovery. |
|---|---|---|---|
| 10 | Highlighted portion of a message between Plaintiff and Mr. Tsimbler. | Exhibit "J" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); 1002 and 1003 Not the best evidence and evidence doctored; FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 11 | Highlighted portion of a message between Plaintiff and Mr. Tsimbler. | Exhibit "K" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); 1002 and 1003 Not the best evidence and evidence doctored; FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 12 | DTF-95 Tax Form | Exhibit "L" | FRCP Rules 401/402 |

16

| | | | |
|---|---|---|---|
| | | | (relevance); 105 (limited purpose); 801/802 (hearsay). |
| 13 | USA Labor for Hire's sexual harassment and other harassment-related policies/documents | Exhibit "M" | FRCP Rule 105 (limited purpose) |
| 14 | USA Labor for Hire's Code of Ethics & Standards | Exhibit "N" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay). |
| 15 | USA Labor for Hire Complaint Form | Exhibit "O" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay). |
| 16 | Plaintiff's Notice of Right to Sue | Exhibit "P" | FRCP Rules 105 (limited purpose; 1002 and 1003 Not the best evidence; |
| 17 | Letter from Children of the Queen Elizabeth Home | Exhibit "Q" | FRCP Rules 401/402 (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |
| 18 | Letter from the Dorothy Hopkins Center for the | Exhibit "R" | FRCP Rules 401/402 |

17

| | | | |
|---|---|---|---|
| | Disabled, dated January 14, 2022. | | (relevance); 105 (limited purpose); 801/802 (hearsay); FRCP Rules 26/33/34, evidence not previously disclosed during discovery. |

Defendants reserve the right to supplement the Exhibit List and to offer additional documents in evidence based on Plaintiff's presentation of evidence.

Dated: New York, New York
May 9, 2022

**PHILLIPS & ASSOCIATES**
**Attorneys at Law PLLC**
*Attorneys for Plaintiff*

*/S/*
_____
Gregory Calliste, Jr., Esq.
45 Broadway, Suite 430
New York, New York 10006
gcalliste@tpglaws.com

**GARRY POGIL, ESQ.**
*Attorneys for Defendants*


/s/ Garry Pogil
Garry Pogil, Esq.
1120 Avenue of the Americas, 4th Floor, New York, NY 10036
Tel: 212-626-6825
Garry.Pogil@gmail.com


**SO ORDERED:**


_____
The Honorable Eric R. Komitee, U.S.D.J.