# GARRY POGIL

# ATTORNEY AT LAW

1120 Avenue of the Americas, 4th Floor, New York, NY 10036

Tel: 212-626-6825   Fax: 646-349-3468   Email: garry.pogil@pogillaw.com

To: Honorable Taryn A. Merkl

Re:  <u>LETTER MOTION *IN LIMINE* – Case No. 20cv05594-TAM</u>

Your Honor:

I represent the Defendants: USA Labor For Hire, Inc., RC Global Energy Group, Inc., and Oleg Tsimbler.  I am submitting this motion *in limine* concerning some of the Plaintiff's exhibits as identified in the Joint Pretrial Order submitted under Document #23 in ECF, starting at page 6 of such.

**<u>Pl. Ex. 1</u>**

Objection based on hearsay if offered for the truth of its contents.

**<u>Pl. Ex. 3</u>**

No objection if not offered for the truth of the contents asserted in these documents.

**<u>Pl. Ex. 4</u>**

This is a video, and since I cannot upload it via ECF, I am respectfully requesting to being allowed to object to such on the relevance grounds at the time when it is sought to be introduced in evidence.

**<u>Pl. Ex. 6</u>**

Even though this letter is not signed, it is presumably from the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with this letter, then this does not fall under the exception to the hearsay rule as delineated in Federal Rules of Evidence ("FRE") §801(d)(1)(B).  It is submitted that there may be an instance where this letter could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony.

**Pl. Ex. 7**

This exhibit is entitled by the Plaintiff "Various witness statements", which is being submitted that such is impermissible hearsay. Plaintiff does not identify in the Pretrial Order any exception to the hearsay rule pursuant to which they are seeking admission of such letters. Additionally, to the extent that some letters are unsigned, the objection is also being made based on lack of foundation.

**Pl. Ex. 13**

Objection is made based on hearsay and lack of foundation as this is an unsigned letter.

**Pl. Ex. 14**

Objection is made based on lack of foundation as this is an unsigned letter, and there has not been any foundational evidence submitted or identified in the Pretrial Order.

**Pl. Ex. 18**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where this email could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these emails is non-party Amazon, therefore, since Amazon is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 21**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with this letter, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be in instance where this letter could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony.

**Pl. Ex. 22**

This is an unsigned letter from a non-party, therefore, it is being submitted that this document (aside from being unauthenticated) is inadmissible pursuant to FRE §801(c) as no hearsay exception has been offered in the pre-trial order by the Plaintiff.

**Pl. Ex. 24**

This is an unsigned letter from an unidentified author; therefore, it is being submitted that this document (aside from being unauthenticated) is inadmissible pursuant to FRE §801(c) as no hearsay exception has been offered in the pre-trial order by the Plaintiff.

**Pl. Ex. 25**

This is an unsigned letter from an unidentified author; therefore, it is being submitted that this document (aside from being unauthenticated) is inadmissible pursuant to FRE §801(c) as no hearsay exception has been offered in the pre-trial order by the Plaintiff.

**Pl. Ex. 27**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where this email could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these emails is non-party Pamela Garcia, therefore, since Ms. Garcia is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 28**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where this email could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony.

**Pl. Ex. 29**

Same objection as to #28 above.

**Pl. Ex. 30**

Same objection as to #28 above.

**Pl. Ex. 31**

Same objection as to #28 above.

**Pl. Ex. 32**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where this email could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these emails is non-party Matt Roth, therefore, since Mr. Roth is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 33-34**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where this email could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these emails is non-party Kai Chun, therefore, since Kai Chun is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 35**

Plaintiff calls this exhibit "Various voice messages…", and since these 23 audio files cannot be uploaded through ECF, it is respectfully being requested that Defendants' objections predicated on hearsay and relevance be allowed to interposed at the time when these audio files are attempted to be introduced in evidence.

**Pl. Ex. 38**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where this email could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these emails is non-party Keith Ashby, therefore, since Mr. Ashby is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 39**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 40**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 41**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 42**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 43**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these text messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these text messages is non-party Andrew, therefore, since Andrew is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 44**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these text messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these text messages is non-party Bryan Alvarez, therefore, since Andrew is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 47**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party Jackie Microtel, therefore, since Ms. Microtel is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 48**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is

non-party Joaquin, therefore, since Joaquin is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 49**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party Nastya, therefore, since Nastya is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 50**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party job applicant, Maria C., therefore, since Maria is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 51**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party job applicant Sade, therefore, since Sade is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 53**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).  It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party Terri, therefore, since Terri is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 55**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party employee Betzaida Rivera, therefore, since Betzaida Rivera is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 57**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 58**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 59**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 62**

Plaintiff calls this exhibit "Various voice memos…", and since these 51 audio files cannot be uploaded through ECF, it is respectfully being requested that Defendants' objections predicated on hearsay and relevance be allowed to interposed at the time when these audio files are attempted to be introduced in evidence.

**Pl. Ex. 65**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party Alex, therefore, since Alex is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 66**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

**Pl. Ex. 67**

Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these text messages, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). It is submitted that there may be an instance where these messages could be used to rehabilitate the Plaintiff's testimony, but at this point, it is not proper for it to be admitted in evidence before any testimony is taken as it would only seek to improperly bolster Plaintiff's testimony. Additionally, the other declarant in these messages is non-party Bryan Alvarez, therefore, since Mr. Alvarez is not testifying in this case, this is clearly inadmissible hearsay if offered for the truth of the matter asserted under FRE §801(c).

**Pl. Ex. 68-84**

Here, the common declarant in all of these exhibits is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). Additionally, there are other non-party declarants in these communications (e.g. Clifford Brown, Donna, Dora, George, Jerry, Keith, Mandy, Mitchell…) whose statements are not admissible pursuant to FRE §801(c). Plaintiff has not put forth any exception to this hearsay rule.

**Pl. Ex. 85**

This medical record is not accompanied by a certification as to the categories found in FRE §803(6), therefore, it is being submitted that it does not come within the hearsay exception. Additionally, even if this medical record were properly certified, it does not mean that the entire record is admissible as a separate hearsay exception must be met for every part of the record that is sought to be introduced in evidence. For example, there may be statements in the record that are not made for diagnosis purposes…

**Pl. Ex. 86**

This medical record is not accompanied by a certification as to the categories found in FRE §803(6), therefore, it is being submitted that it does not come within the hearsay exception. Additionally, even if this medical record were properly certified, it does not mean that the entire record is admissible as a separate hearsay exception must be met for every part of the record that is sought to be introduced in evidence. For example, there may be statements in the record that are not made for diagnosis purposes…

Respectfully Submitted,

December 26, 2023

*Garry Pogil*
_____
Garry Pogil (*Attorney for the Defendants*)

9