**PHILLIPS & ASSOCIATES**
*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK  10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

December 26, 2022

The Honorable Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY

      **RE:** **Plaintiff's Motion in Limine**
            **Kathyann Smart v. USA Labor For Hire, et. Al.**
            **Docket No. 1:20-cv-05594-TAM**

Dear Judge Merkl,

      This firm represents the Plaintiff, Kathyann Smart, in the above referenced matter.  Plaintiff submits this letter in support of Plaintiff's Motion in Limine wherein Plaintiff moves to preclude Defendant from presenting witness testimony at trial remotely or through video-conferencing.

      The purpose of a Motion in Limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011).

      Under F.R.C.P. 43, testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules or other rules adopted by the Supreme Court provides otherwise.  The Second Circuit gives a judge "discretion to allow live testimony by video for good cause in compelling circumstances and with the appropriate safeguards."  Rodosti v. Hudson's Bay Co, 2022 U.S. Dist. LEXIS 81031, at *4 (N.Y.S.D. 2022).  Transmission cannot be justified merely by showing that is inconvenient for the witness to attend the trial.  Id.  *See* advisory committee's note to 1996 amendment ("remote testimony cannot be justified merely by showing that it is inconvenient for the witness to attend the trial").  Id.  The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accidents or illness, but remains able to testify from a different place.  Id.

      Here, Defendants have failed to show compelling circumstances to support presenting their witness testimony through video-conferencing or other remote means.  As early as May of 2022, Defendants identified a number of witnesses that they expected would testify from Grenada.  As such, has been the plan for over a year and half.  Thus, there can be no argument presented to the Court that it is necessary to present their testimony remotely due to unexpected reasons.  Moreover, mere inconvenience does not constitute good cause and/or a compelling circumstance that would permit remote testimony.

As such, Plaintiff's motion should be granted in its entirety and Defendants should be precluded from presenting any witness testimony through video-conferencing.

We thank the Court for its time and attention to this matter.

PHILLIPS & ASSOCIATES,<br>
ATTORNEYS AT LAW, PLLC

By:       /S/
      Alexandria Jean-Pierre, Esq.

CC:    Garry Pogil, Esq. (via ECF)