**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 430, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

January 9, 2024

<u>*Via ECF*</u>
Magistrate Judge Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    <u>**KATHYANN SMART v. USA LABOR FOR HIRE, et. al.**</u>
               **Docket No. 20-CV-5594 (ERK) (VMS)**

Dear Judge Merkl:

      This office represents Plaintiff, Ms. Kathyann Smart, in the above referenced matter. We write in response to the Defendants' Letter Motion in Limine, filed on December 26, 2023, Docket Document Number 34. For the ease and convenience of the Court, please note that Plaintiff does not intend to offer into evidence the following Exhibits 1, 3, 4, 6, 13, 14, 18, 21, 22, 24, 27, 29, 29, 30, 31, 32, 33, 34, 35, 38, 39, 40, 41, 42, 43, 44, 47, 49, 50, 51, 53, 55, 58, 62, 65, 66, 67, 85, and 86. Thus, Plaintiff provides substantive responses below with respect to Exhibits 7, 25, 57, 59, and 71 only. As set forth below, Plaintiff provides its positions with respect to only those documents that it intends to offer into evidence.

**Plaintiff's Exhibit 7 (identified as Plaintiff's Exhibit H on Exhibit List)** – Various Witness Statements

<u>Defendant's objection:</u> - This exhibit is entitled by the Plaintiff "Various witness statements", which is being submitted that such is impermissible hearsay. Plaintiff does not identify in the Pretrial Order any exception to the hearsay rule pursuant to which they are seeking admission of such letters. Additionally, to the extent that some letters are unsigned, the objection is also being made based on lack of foundation.

<u>Plaintiff's Response:</u> Plaintiff intends to offer into evidence Signed Statement by Christopher Wint (Bates No. SMART CONFIDENTIAL 241). Witness Christopher Wint is an unavailable witness pursuant to Fed. R. Evid. 804(a)(5). A declarant is considered unavailable if absent from trial. Christopher Wint resides in Grenada, West Indies which lies outside of the Plaintiff's subpoena power. Thus, Christopher Wint is a witness who will be absent from the hearing and Plaintiff is unable to procure the witness's attendance or testimony by process or other reasonable means.

**Plaintiff's Exhibit 25 (Identified as Plaintiff's Exhibit O on Exhibit List) – Memo re USALFH**

Defendant's Objection:  This is an unsigned letter from an unidentified author; therefore, it is being submitted that this document (aside from being unauthenticated) is inadmissible pursuant to FRE §801(c) as no hearsay exception has been offered in the pre-trial order by the Plaintiff.

Plaintiff's Response:  Plaintiff intends to offer this document into evidence for the truth of the matter stated under Fed R. Evid. §801(d)(2)(C) or 801(d)(2)(d) as this document contains party admissions related to matters within the scope of Plaintiff's employment.  This document was communicated to the Plaintiff through Svitlana Krushelnytska who was authorized by Defendant Oleg Tsimler to make statements related to the matters within the scope of Plaintiff's employment. The principal, Oleg Tsimbler, need not have authorized the particular statement but must have specifically authorized agent or employee to speak about the particular subject matter.  The relevant inquiry [under 801(d)(2)(c)] is whether the person making the statement had the authority to speak on a particular subject on behalf of the party the admissions is to be used against. *Leser v. United States Bank Nat'l Assn*, 2012 U.S. Dist. Lexis 182975, at *8 (E.D.N.Y. 2012). 801(d)(2)(d) only requires that the employee/agent made the statements within the scope of employment. *Id*.  This document would also qualify as a business record pursuant to Fed. R. Evid 803(6) as it was a record kept in the course of regularly conducted activity of the organization.

**Plaintiff's Exhibit 57 (Identified as Plaintiff's Exhibit L on Exhibit List)  -** Vibr Texts With O. Tsimbler

Defendant's Objection:  Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

Plaintiff's Response: Plaintiff intends to offer this document into evidence as this document for the truth of the matter stated as it contains several party admissions and is subject to exception Fed R. Evid. §801(d)(2)(a).  The documents contain statements of Defendant Oleg Tsimbler and the statements are related to matters within the scope of Plaintiff's employment.

**Plaintiff's Exhibit 59 (Identified as Plaintiff's Exhibit M on Exhibit List)  -** Vibr With Natalie

Defendant's Objection:   Here, the declarant is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B).

Plaintiff's Response:  Plaintiff intends to offer this document into evidence as this document and submits that the statements contained within this document are subject to exception Fed R. Evid. §801(d)(2)(c) or 801(d)(2)(d) as authorized admissions.  The declarant, Natalya Gritsayuk, was authorized by Defendant Oleg Tsimler to make statements related to the matters within the scope of Plaintiff's employment.  The principal, Oleg Tsimbler, need not have authorized the particular statement but must have specifically authorized agent or employee to speak about the particular subject matter.  The relevant inquiry [under 801(d)(2)(c)] is whether the person making the statement had the authority to speak on a particular subject on behalf of the party the admissions

is to be used against. *Leser v. United States Bank Nat'l Assn*, 2012 U.S. Dist. Lexis 182975, at *8 (E.D.N.Y. 2012). 801(d)(2)(d) only requires that the employee/agent made the statements within the scope of employment. *Id.*

**Plaintiff's Exhibit 68-84** – Various Messages

Defendant's Objection:  Here, the common declarant in all of these exhibits is the Plaintiff who will be testifying at trial under oath, and if the Plaintiff's testimony is consistent with these emails, then this does not fall under the exception to the hearsay rule as delineated in FRE §801(d)(1)(B). Additionally, there are other non-party declarants in these communications (e.g. Clifford Brown, Donna, Dora, George, Jerry, Keith, Mandy, Mitchell…) whose statements are not admissible pursuant to FRE §801(c). Plaintiff has not put forth any exception to this hearsay rule.

Plaintiff's Response:  Plaintiff only intends to offer into evidence the messages (**Exhibit 71 - Identified as Plaintiff's Exhibit N on Exhibit List)**) from Defendant Oleg Tsimbler as party admissions and is subject to exception Fed R. Evid. §801(d)(2)(a).  The documents contain statements of Defendant Oleg Tsimbler and the statements are related to matters within the scope of Plaintiff's employment and thus, Plaintiff intends to offer it into evidence for the truth of the matter stated.

       Please note that, notwithstanding the above, Plaintiff reserves its right to utilize any of the documents for impeachment, or otherwise permissible, purposes.

       We thank the Court for its time and attention to this matter.

                                  Respectfully Submitted,

                                  **/S/**

                                  Alexandria Jean-Pierre, Esq.
                                  Steven Fingerhut, Esq.

**CC:**     Garry Pogil, Esq. (*via ECF*)