UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      Case No.: 20-cv-5594 (TAM)
KATHYANN SMART,

                        Plaintiff,

            - against-

USA LABOR FOR HIRE, INC., RC GLOBAL ENERGY
GROUP, INC., AND OLEG TSIMBLER, *IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES*,

                        Defendants.
------------------------------------------------------------------X


**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AS THE
PREVAILING PARTY FOR THE ABOVE CAPTIONED MATTER**


**PHILLIPS & ASSOCIATES, P.L.L.C.**
Steven Fingerhut, Esq.
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431
sfingerhut@tpglaws.com

**TABLE OF CONTENTS**

INTRODUCTION...........................................................................................................................1

RELEVANT PROCEDURAL HISTORY.................................................................................1

ARGUMENTS...........................................................................................................................2

   I.    PLAINTIFF IS THE PREVAILING PARTY ................................................................2

   II.   THE LEGAL STANDARD FOR AN AWARD OF ATTORNEYS' FEES..............3

      A.  Calculating The Lodestar ..................................................................................3

      B.  Calculating A Reasonable Hourly Rate ...........................................................3

      C.  Calculating The Number of Hours Reasonably Expended ...............................4

      D.  Applying A Multiplier.......................................................................................5

      E.  Determining The Reasonableness Of The Fee..................................................5

      F.  Pre-Judgment Interest.......................................................................................5

      G.  Post-Judgment Interest......................................................................................7

   III.  PLAINTIFF SEEKS AN AWARD OF REASONABLE ATTORNEYS' FEES AND OUT OF POCKET EXPENSES ........................................................................7

      A.  Counsel's Reasonable Hourly Rate ..................................................................7

      B.  The Number Of Hours Reasonably Expended On The Litigation ..................15

      C.  The Reasonableness of The Fee......................................................................16

      D.  Reasonable out of pocket expenses ................................................................17

      E.  Pre-Judgment Interest.....................................................................................17

      F.  Post-Judgment Interest....................................................................................18

CONCLUSION ........................................................................................................................18

i

# TABLES OF AUTHORITIES

**Cases**

*Antoine v. Brooklyn Maids 26, Inc.,*
489 F. Supp. 3d 68 (E.D.N.Y. 2020)…………………………………………………..9

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,*
493 F.3d 110 (2d Cir. 2007)..................................................................... 3, 5

*Barfield v. N.Y.C. Health & Hosps. Corp.,*
537 F.3d 132 (2d Cir. 2008)..................................................................... 5

*Barrella v. Vill. of Freeport,*
43 F. Supp. 3d (E.D.N.Y. 2014)…………………………………………………..7

*Blum v. Stenson,*
465 U.S. 886 (1984)..................................................................... 4

*Bodon v. Domino's Pizza, LLC,*
2015 U.S. Dist. LEXIS 82039 (E.D.N.Y. Jun. 4, 2015)……………………………………9

*Chambless v. Masters, Mates, & Pilots Pension Plan,*
885 F.2d 1053 (2d Cir. 1989)..................................................................... 4

*Chisholm v. Memorial Sloan-Kettering Cancer Ctr.,*
824 F. Supp. 2d 573 (S.D.N.Y. 2011) ..................................................................... 5

*Cioffi v. New York Cmty. Bank,*
465 F. Supp. 2d 202 (EDNY 2006) ..................................................................... 6

*Cohen v. W. Haven Bd. Of Police Comm'rs,*
638 F.2d 496 (2d Cir. 1980)..................................................................... 4

*Collins v. Suffolk County Police Dept.,*
349 F. Supp. 2d 559 (EDNY 2004) ..................................................................... 6

*Eichenblatt v. Naftali Kugel,*
2018 U.S. Dist. LEXIS 82731 (E.D.N.Y. May 15, 2018)…………………………….....................8

*Farbotko v. Clinton County of New York,*
433 F.3d 204 (2d Cir. 2005)..................................................................... 4

*Farrar v. Hobby,*
506 U.S. 103 (1992)..................................................................... 5

*Gierlinger v. Gleason*,
160 F.3d 858 (2d Cir. 1998) .................................................................................5

*Goldberger v. Integrated Res. Inc.*,
209 F.3d 43 (2d Cir. 2000).................................................................... 3, 5, 16, 17

*Hogan v. Gen. Elec. Co.*,
144 F. Supp. 2d at 141 (N.D.N.Y. 2001) .............................................................6

*In re Telik Sec. Litig.*,
576 F. Supp. 2d 570 (S.D.N.Y. 2008) ..................................................................5

*Joseph v. HDMJ Restaurant, Inc.*,
970 F. Supp. 2d 131 (EDNY 2013) …………………………………………………6

*Levy v Powell*,
2005 U.S. Dist. LEXIS 42180 (E.D.N.Y. July 22, 2005)…………………………………7

*Marfia v. T.C. Ziraat Bankasi*,
147 F.3d 83 (2d Cir. 1998) ……………………………………………………………7

*Mills v. Capital One*,
2015 U.S. Dist. LEXIS 133530 (S.D.N.Y. Sep. 30, 2015)…………………………………16

*Mohan v. La Rue Distributors, Inc.*,
2008 U.S. Dist. LEXIS 92379 (E.D.N.Y. 2008) ……....…………………………………6

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
711 F.2d 1136 (2d Cir. 1983)....................................................................... 4

*Pierre v. Planet Auto., Inc.*,
2018 U.S. Dist. LEXIS 28901 (E.D.N.Y. Feb. 21, 2018)…………………………………8

*Reiter v. Metro. Transp. Auth. Of the State of New York*,
2007 U.S. Dist. LEXIS 71008 (S.D.N.Y. Sept. 25, 2007)........................................ 3

*Santiago v. Crown Heights Ctr. for Nursing & Rehab.*,
2017 U.S. Dist. LEXIS 27356 (EDNY 2017) …………………………………………6, 7

*Simmons v. New York City Transit Authority*,
575 F.3d 170 (2d Cir. 2009)....................................................................... 7

*Torres v. City of New York*,
2008 U.S. Dist. LEXIS 11027 (S.D.N.Y. Feb. 14, 2008)........................................... 3

*United States Football League v. National Football League*,
887 F. 2d 408 (2d Cir. 1989)................................................................... 17

**Statutes**

28 U.S.C. § 1961 ................................................................................................. 6, 7

42 U.S.C. § 2000e-5(k) ........................................................................................ 2

N.Y.C. Admin. Code §8-502 ................................................................................ 3

# INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 54, 42 U.S.C. § 2000e-5(k), the United States District Court for the Eastern District of New York's January 18, 2024 jury verdict, and the Court's January 19, 2024 Text Order, Plaintiff hereby submits the within motion for reasonable attorneys' fees, expenses, costs, and interest, as the prevailing party for the above captioned matter. (A true and correct copy of the United States District Court of the Eastern District of New York's verdict sheet in this matter, dated January 18, 2024, is attached as Exhibit A to the Declaration of Steven Fingerhut, Esq.).

This motion seeks attorneys' fees for Steven Fingerhut, Esq., who was trial counsel for this matter and drafted the instant motion, Alexandria Jean-Pierre, Esq., who was trial counsel and conducted discovery, Gregory Calliste, Jr., Esq., who was lead counsel from the beginning of the litigation through the filing of the joint pretrial order, and Yusha Hiraman, Esq., who assisted with discovery throughout the litigation. Likewise, this motion seeks fees for Jennifer Astudillo and Susan Kuralt who played a significant role in the litigation of the case and preparation for, as well as execution of, trial. Plaintiff also seeks reimbursement of the reasonable out of pocket expenses incurred. Plaintiff also seeks pre- and post-judgment interest. Finally, Plaintiff respectfully requests permission to supplement her motion for attorneys' fees whenever Defendants' requests for post-trial relief are finally resolved, so long of course as Plaintiff is the prevailing party.

## RELEVANT PROCEDURAL HISTORY

On November 17, 2020, Plaintiff filed the instant litigation in the United States District Court of the Eastern District of New York. *See* Dckt. 1. Thereafter, Defendants RC Global Energy. Inc., USA Labor for Hire, Inc., and Oleg Tsimbler filed their Answers, and one counterclaim (Breach of Fiduciary Duty), on December 14, 2020. *See* Dckt. 8. On December 23,

2020, Plaintiff filed a letter requesting a premotion conference with respect to Plaintiff's intent to file a motion to dismiss Defendants' Breach of Fiduciary Duty counterclaim. *See* Dckt. 10. On February 16, 2021, Defendants' Breach of Fiduciary Duty counterclaim was dismissed. *See* Dckt. 14.

Discovery was significant in this matter. After initial document demands and interrogatories were exchanged, Plaintiff made substantial post deposition demands as for each of the three depositions taken by Plaintiff (i.e. Defendant Tsimbler, Svitlana Krushelnytska, and Natalya Gritsayuk). The Parties exchanged thousands of pages of documents, which included several years of text message communications from multiple platforms. Additionally, significant medical records were produced from Plaintiff's treating provider. On May 10, 2022, Plaintiff filed a proposed joint pretrial order. *See* Dckt. 23. On April 10, 2023, the Parties filed their consent to jurisdiction of this matter by Magistrate Judge Taryn A. Merkl. *See* Dckt. 31.

Trial commenced on January 16, 2024, and the jury returned a $260,000 verdict in Plaintiff's favor on January 18, 2024. *See* Dckt. 50. The jury found that Plaintiff was subjected to a race and sex-based hostile work environment under Title VII of the Civil Rights Act ("Title VII") and the New York City Human Rights Law ("NYCHRL"). *Id.* They found that Plaintiff suffered an unlawful retaliatory termination under Title VII and the NYCHRL, and lastly that Plaintiff suffered defamation under the New York Common Law. *Id.* On January 31, 2024, Defendants filed a motion for a new trial and remittitur. *See* Dckt. 51

## ARGUMENTS

### I. PLAINTIFF IS THE PREVAILING PARTY

As the prevailing party of the instant litigation Plaintiff is entitled to a reasonable attorney's fee as part of the cost. "42 U.S.C. § 2000e-5(k) provides that a "prevailing party" in an action under

Title VII may recover, in the court's discretion, "a reasonable attorney's fee (including expert fees) as part of the costs." *Reiter v. Metro. Transp. Auth. of N.Y.*, 2007 U.S. Dist. LEXIS 71008, at \*6 (S.D.N.Y. Sep. 25, 2007) (*internal citations omitted*). Similarly "[i]n any civil action commenced pursuant to [section 8-502 of the NYCHRL], the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees." N.Y.C. Admin. Code §8-502(f) (2022). In the instant matter, Plaintiff brought suit under Title VII and the NYCHRL, and the jury awarded her $260,000. Therefore, Plaintiff is entitled to a reasonable fee.

## II. THE LEGAL STANDARD FOR AN AWARD OF ATTORNEYS' FEES

### A. Calculating The Lodestar

Under the lodestar method, a prevailing party seeking an award of attorneys' fees ascertains the number of hours reasonably billed in the matter and then multiplies that figure by an appropriate hourly rate. *See Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 47 (2d Cir. 2000). In evaluating a party's request for an award of attorneys' fees, courts first determine a reasonable hourly rate, which is then used as the basis to evaluate the "presumptively reasonable fee." See, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 117-118 (2d Cir. 2007).

### B. Calculating A Reasonable Hourly Rate

In setting the reasonable hourly rate, "a court must determine what a reasonable paying client would be willing to pay for the legal services, in other words, the appropriate market rate for counsel over the course of the number of hours appropriately worked." *Torres v. City of New York,* No. 07-Civ.-3473 (GEL), 2008 U.S. Dist. LEXIS 11027, \*1 (S.D.N.Y. Feb. 14, 2008) (citing *Arbor Hill,* 493 F. 3d at 112). Courts must make a "case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [, which]

may…include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County of New York,* 433 F.3d 204, 209 (2d Cir. 2005). *See Blum v. Stenson,* 465 U.S. 886, 896 (1984) (the "prevailing market rate" is the rate 'prevailing in the [relevant] community for similar services by lawyers of comparable skill, experience, and reputation.'").

"Fees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award." *Cohen v. W. Haven Bd. Of Police Comm'rs,* 638 F.2d 496, 506 (2d Cir. 1980). In addition, as noted above, courts may take judicial notice of rates awarded in prior cases. *Farbotko,* 433 F.3d at 209. However, this Court has cautioned against "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail [which] may create disparity between compensation available under § 1988(b) and compensation available in the marketplace." *Id.* "[T]he fee applicant has the burden of showing by 'satisfactory evidence - - in addition to the attorney's own affidavits' - - that the requested hourly rates are the prevailing market rates." *Id.* (quoting *Blum,* 465 U.S. at 896, n.11.)

**C. Calculating The Number of Hours Reasonably Expended**

In order to calculate the reasonable number of hours expended, the fee application must be supported by contemporaneous time records, affidavits and other materials. *See Chambless v. Masters, Mates, & Pilots Pension Plan,* 885 F.2d 1053, 1058 (2d Cir. 1989). The contemporaneous time records must show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

**D. Applying A Multiplier**

"Once the lodestar is calculated, the court may, in its discretion, increase the lodestar by applying a multiplier based on other less objective factors, such as the risk of the litigation and the performance of the attorneys." *In re Telik Sec. Litig.,* 576 F. Supp. 2d 570, 585 (S.D.N.Y. 2008) (internal quotations omitted) (quoting *Goldberger,* 209 F.3d at 47).

**E. Determining The Reasonableness Of The Fee**

In the last phase of evaluating the reasonableness of the fees sought, courts must consider "case-specific variables that [this Court] and other courts have identified as relevant to the reasonableness of attorney's fees." *Arbor Hill,* 522 F.3d at 190. In determining reasonableness this Court should consider (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) quality of representation; (5) the requested fee in relation to settlement and (6) public policy considerations. *Goldberger,* 209 F.3d at 50. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992); *See also Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 152 (2d Cir. 2008).

**F. Pre-Judgment Interest**

Despite the fact that the New York State Human Rights Law ("NYSHRL") and the NYCHRL make no specific references to pre-judgment interest, courts in the Second Circuit have interpreted the NYSHRL's mandate to make victims "whole" to allow for an award of pre-judgment interest and have also applied this principle to the NYCHRL. *Chisholm v. Memorial Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 580 (S.D.N.Y. 2011) (*citing Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998)) (holding that, "[w]hile the question of whether to award pre-judgment interest ordinarily is left to the discretion of the court, where the damages

award represents compensation for back pay, "'it is ordinarily an abuse of discretion not to include prejudgment interest'").

Furthermore, courts in the Second Circuit awarded pre-judgment interest at the federal rate under 28 U.S.C. § 1961 rather than the rate of nine percent under New York Law. *Hogan v. Gen. Elec. Co.*, 144 F. Supp. 2d at 141. Even when there are violations of both state and federal law, as here, "it is common practice in the Second Circuit to apply the federal interest rate pursuant to 28 U.S.C. § 1961(a)." *Cioffi v. New York Cmty. Bank*, 465 F. Supp. 2d 202, 222 (EDNY 2006) (*quoting Collins v. Suffolk County Police Dept.*, 349 F. Supp. 2d 559, 565 (EDNY 2004), *vacated on other grounds*, 2005 U.S. Dist. LEXIS 130 (EDNY 2005); *see also Santiago v. Crown Heights Ctr. for Nursing & Rehab.*, 2017 U.S. Dist. LEXIS 27356 at *65-68 (EDNY 2017).

Under 28 U.S.C. § 1961, interest is to be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield. In *Joseph v. HDMJ Restaurant, Inc.*, the court calculated the average annual Treasury interest rate by determining the annual interest rates for each year in the period in question, 2005 to 2013, and averaging those rates to find the applicable annual interest rate for prejudgment interest. 970 F. Supp. 2d 131, 152 (EDNY 2013) (explaining that, "[u]tilizing the government website . . . to ascertain the treasury bill rates during the period in question, then averaging those rates, the Court finds the applicable rate to be 3.37"). In *Mohan v. La Rue Distributors, Inc.*, the court first found the average annual rate of return on one year of Treasury bills for each year for which damages were awarded and then calculated the average rate of return for the entire period. 2008 U.S. Dist. LEXIS 92379, at *4 (EDNY 2008) (holding that "[t]he average annual rate of return on one year T-bills was 3.62% in 2005, 4.94% in 2006, and 4.53% in 2007. Because the 2008 average is not yet available, the Court substitutes the average 2008 monthly rate of return thus far, i.e., 2.10%. The average of these four figures, in turn, is 3.80%").

Finally, in order to guarantee complete compensation to the plaintiff, the interest should be compounded annually. *See Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998). In total, the "methodology to be used to calculate the award of pre-judgment interest is as follows:

> First, the [backpay] award[ ] should be divided pro rata over the appropriate time period. Second, once the award is divided, the average annual United States treasury bill rate of interest referred to in 28 U.S.C. § 1961 will be applied. Third and finally, in order to guarantee complete compensation to the plaintiff, the interest will be compounded annually.

*Levy v Powell*, No. 00-cv-4499 (SJF) 2005 U.S. Dist. LEXIS 42180, at *3 (E.D.N.Y. July 22, 2005) (internal citations omitted).

### G. Post-Judgment Interest

Under 28 U.S.C. § 1961(a), a plaintiff is entitled to post-judgment interest on "any money judgment in a civil case recovered in a district court." In addition, "[t]he post-judgment amount upon which the interest accrues includes compensatory damages [and] punitive damages." *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d at 195 (E.D.N.Y. 2014) (internal citations omitted). Post-judgment interest is calculated from the date of the entry of judgment to the date defendant pays the judgment at a rate equal to the weekly average 1—year constant maturity Treasury yield, compounded annually. 28 U.S.C. § 1961(a) & (b); *Santiago v. Crown Heights Ctr. for Nursing & Rehab.*, 2017 U.S. Dist. LEXIS 27356 at *65-68 (EDNY 2017).

### III. PLAINTIFF SEEKS AN AWARD OF REASONABLE ATTORNEYS' FEES AND OUT OF POCKET EXPENSES

### A. Counsel's Reasonable Hourly Rate

Under the "forum rule," courts "generally use the hourly rates employed in the district in which the reviewing courts sits." *Simmons v. New York City Transit Authority,* 575 F.3d 170, 174 (2d Cir. 2009). To that end, "Prevailing hourly rates for attorneys in the Eastern District of New

York typically range "from $300 to $450 for partners [and] $200 to $300 for senior associates." *Pierre v. Planet Auto., Inc.*, No. 13-CV-0675 (MKB)(JO), 2018 U.S. Dist. LEXIS 28901 (E.D.N.Y. Feb. 21, 2018). *Eichenblatt v. Naftali Kugel*, Case No. 17-cv-559 (DLI)(LB), 2018 U.S. Dist. LEXIS 82731, at *30-31 (E.D.N.Y. May 15, 2018) (internal citations omitted).

### 1. *Steven Fingerhut, Esq.*

Mr. Fingerhut graduated from Albany Law School in 2013 and was admitted to practice law in the State of New York in January 2014. Fingerhut Decl. ¶7. Mr. Fingerhut was also admitted to practice law in the State of New Jersey in 2020. *Id.* Since his admission to the Bar, counsel has almost exclusively represented clients in civil rights litigation. Fingerhut Decl. ¶8. For over 8 years Mr. Fingerhut has exclusively represented plaintiffs in employment disputes at Phillips & Associates, PLLC, and became a partner of the firm in 2020. *Id.*

Mr. Fingerhut has considerable experience representing employees in a wide range of employment discrimination matters. He manages a variety of cases involving sexual harassment and discrimination based on race, national origin, gender, pregnancy, age, disability, religion, caregiver status, and sexual orientation. Fingerhut Decl. ¶9. Mr. Fingerhut routinely handles numerous cases from inception through resolution and currently manages his own case load of approximately forty cases. *Id.* Since his admission to the Bar, Mr. Fingerhut has handled hundreds of cases and, including the instant matter, served as trial counsel on four trials in Federal Court. *Id.*

Mr. Fingerhut has prior trial experience, including the 2017 verdict in *Weng v. Fancy Lee Sushi, et al.*, Case No.: 2:15-cv-05737, in which the jury returned a unanimous Plaintiff's verdict in the Eastern District of New York for pregnancy/gender discrimination claims. Fingerhut Decl. ¶10. He served as second chair in the 2018 trial in which sexual orientation discrimination claims

were asserted under Title VII. *Giove v. NYC Board of Education, et al.*, Case No.: 1:15-cv-02998. Fingerhut Decl. *Id*. He also tried a hostile work environment and retaliation employment case in 2021 in NY County Supreme Court – *Crump v. NYCHA, et al.*, Index No.: 163138/2015, in which the case settled on the third day of trial, resulting in a public $85,000 payment to the Plaintiff. Fingerhut Decl. *Id.*

Most recently, Mr. Fingerhut obtained a Plaintiff's verdict in the 2022 trial, *Grant v. Pexie Enterprises, Inc. et al.*, Index No.: 704041/2015, in which a unanimous jury awarded $112,000 and found the plaintiff proved a hostile work environment and assault and battery. Fingerhut Decl. ¶11. The case was defended by Frederick Brewington, Esq. *Id.*

Mr. Fingerhut has been recognized by SuperLawyers for his contributions in employment discrimination as well as the Multi-Million Dollar Advocates Forum. Fingerhut Decl. ¶12.

Courts in this District have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates. *Antoine v. Brooklyn Maids 26, Inc.,* 489 F. Supp. 3d 68, 103 (E.D.N.Y. 2020). In determining whether an hourly rate is reasonable, courts take into account "the nature of [the] representation and type of work involved ..." *Bodon v. Domino's Pizza, LLC,* No. 09-cv-2941, 2015 U.S. Dist. LEXIS 82039, at *8 (E.D.N.Y. Jun. 4, 2015). Therefore, the undersigned's requested hourly rate of $400 remains consistent with rates previously determined to be reasonable within this District for attorneys with similar experience.

In the instant matter, Mr. Fingerhut has expanded 119.40 hours of time representing Kathyann Smart. Fingerhut Decl. ¶14. Accordingly, we respectfully request that Mr. Fingerhut's prevailing rate be set at $400 per hour.

**2. *Gregory Calliste, Jr., Esq.***

Mr. Calliste graduated from the New York Law School in May 2003 and was admitted to practice law in the States of New York and New Jersey in January 2004. Fingerhut Decl. ¶15. Currently, Mr. Calliste is a Partner at Phillips and Associates. In this position, he manages a team consisting of one associate and one paralegal, who assist him in all of his cases. He has been employed at Phillips and Associates since November 2016. Fingerhut Decl. ¶16.

Prior to Phillips and Associates, Mr. Calliste was employed as Senior Attorney at the Law Office of Frederick K. Brewington ("Brewington Office") for 12 years. Fingerhut Decl. ¶17. He began as a Junior associate in the year 2004. *Id*. He became a senior litigator in or around the year 2009 and he maintained that title until he ceased employment at the Brewington Firm in the year 2016. *Id*. As an attorney at the Brewington Firm, and now at Phillips and Associates, Mr. Calliste's primary area of practice has been in the areas of employment, civil rights actions against municipalities, personal injury and criminal law. Fingerhut Decl. ¶18.

Prior to his employment at the Brewington Firm, Mr. Calliste served as a Law Student Associate in the New York City firm of Queller, Fisher, Dienst, Serrins, Washor, Kool, LLP - a firm that specializes in tort litigation. Fingerhut Decl. ¶19. Accordingly, he has been continuously employed in law firms that all specialize in litigation in different areas of law for over 20 years. *Id.*

Mr. Calliste is a member of the Bars of the States of New York and New Jersey, as well as the Bars of the Eastern District of New York, and Southern District of New York. He is also admitted to practice in the Second Circuit Courts. Fingerhut Decl. ¶20. Over the years, Mr. Calliste has practiced extensively and primarily in the area of Federal Civil Rights law and has been engaged in the litigation of complex civil rights law matters in this Court, the Eastern District of New York on all levels, as well as the Second Circuit Court of Appeals. Fingerhut Decl. ¶21.

Overall, he has participated in well over 100 reported cases - as well as hundreds of unreported cases on the State and Federal Level. Also, he has participated in dozens of appeals before the Second Circuit and 1st and 2nd Department Appellate Divisions. *Id*.

Many of the matters that Mr. Calliste was involved in, such as *Tardd v. Brookhaven National Labs, et al.*, 04-CV-3262 (ADS)(ARL); *Dorsett v County of Nassau, et.al.*, Docket No.: CV-10-1258 (ADS)(AKT); *Osama Saleh v. Pretty Girl, Inc., et al.*, Docket No.: 09-CV-1769 (RER)(EDNY); *Greenaway et al v. County of Nassau et al.*, 11-CV-02024-WFK-AKT were litigated to trial and received multi-million dollar verdicts and/or settlements. Fingerhut Decl. ¶22. It is important to note that Mr. Calliste has additionally litigated in State courts (criminal, civil and family courts) and/or Administrative tribunals. Added together, the number of cases that he has tried and/or litigated are in the hundreds. Fingerhut Decl. ¶23.

Mr. Calliste expended 68.20 hours of time representing Kathyann Smart in the instant matter. Fingerhut Decl. ¶24. Accordingly, we respectfully request that Mr. Calliste Jr.'s prevailing rate be set at $400 per hour.

### 3. Alexandria Jean-Pierre, Esq.

Ms. Jean-Pierre graduated from St. John's University in 2003, with a B.S. in business management and a minor in government. Fingerhut Decl. ¶26.  She received her J.D. from Rutgers School of Law in 2008 in Camden, New Jersey. While in law school, she served as the Articles Editor for the Journal of Law and Public Policy.  Ms. Jean-Pierre was admitted to practice in 2009. Fingerhut Decl. ¶27. Upon graduating from law school, Ms. Jean-Pierre completed a one-year judicial clerkship in the Superior Court of the District of Columbia. *Id*. After completing her clerkship, Ms. Jean-Pierre served as an Agency Attorney with the NYC Administration for Children's Services ("ACS") for almost six years, where she advocated on behalf of the agency in

Family Court, presenting Article 10 neglect and abuse matters. As an Agency Attorney, Ms. Jean-Pierre also appeared before the 2nd Department to appeal adverse Family Court decisions. Fingerhut Decl. ¶28. Following her tenure at ACS, Ms. Jean-Pierre served as an Agency Attorney at the NYC Department of Education. There, she served in the Administrative Trials Unit, presenting disciplinary matters before various administrative bodies and in arbitrations. Fingerhut Decl. ¶29

Ms. Jean-Pierre worked for MTA Bridges and Tunnels from September 2017-November 2021 as labor counsel, reporting directly to the Vice President of Labor Relations. Fingerhut Decl. ¶30. In that capacity, she appeared on behalf of the Authority in collective bargaining arbitrations, before the Public Employee Relations Board ("PERB") and the Office of Administrative Trials and Hearings ("OATH"). Fingerhut Decl. ¶31. She also appeared on behalf of Management in Labor/Management meetings and grievances with the various unions and collaborated with management and other departments to advise on the collective bargaining agreement, disciplinary matters and other labor issues. *Id.*

Prior to joining Phillips & Associates, Ms. Jean-Pierre was an associate at a firm in Garden City, Long Island, where her practice emphasized wage and hour and employment discrimination claims in front of federal and state court and administrative agencies Fingerhut Decl. ¶32. She worked on cases from intake through civil litigation proceedings, including factfinding work, drafting pleadings, conducting and defending depositions and engaging in law and motion and trial practice. *Id.*

Ms. Jean-Pierre joined Phillips & Associates in 2022, and as Associate, Ms. Jean-Pierre serves as a support to Gregory Calliste, Jr., Esq. in this role and engages in all aspects of litigation from inception to trial. Fingerhut Decl. ¶33. She is admitted to practice in New York, New Jersey

as well as in the Southern District of New York, Eastern District of New York, and the District of New Jersey. Fingerhut Decl. ¶34.

Ms. Jean-Pierre expended 110.40 hours of time representing Kathyann Smart in the instant matter. Fingerhut Decl. ¶35. Accordingly, we respectfully request that Ms. Jean-Pierre's prevailing rate be set at $350 per hour.

### 4. Yusha Hiraman, Esq.

Ms. Hiraman graduated cum laude with a Bachelor of Arts in political science from SUNY Stony Brook University, where she joined the Golden Key Honour Society, the Sigma Beta Community Service Honor Society, and Pi Sigma Alpha Political Science Honor Society. Fingerhut Decl. ¶37. She was active with Phi Alpha Delta of Law Fraternity International, SBU Pre-Law Chapter, West Apartments Hall Council, West Indian Student Organization, and Hindu Student Council. *Id.*

Ms. Hiraman received her J.D. at the Maurice A. Deane School of Law at Hofstra University with a Pro Bono Program Certificate (Gold Level). Fingerhut Decl. ¶38. While there, she was involved with Phi Alpha Delta, Law Fraternity International (John F. Kennedy Chapter), and the Hofstra Labor and Employment Law Society. *Id.* She also served as Student Ambassador and as Co-Secretary of the South Asian Law Students Association. Ms. Hiraman was admitted to practice in 2015. *Id.*

Ms. Hiraman's professional affiliations include the South Asian Bar Association of New York, the Asian American Bar Association of New York, the National Employment Lawyers Association/New York, the National Employment Lawyers Association, and the New York City Bar Association. Fingerhut Decl. ¶39. She has been admitted to practice law in New York courts,

the United States District Court for the Eastern District of New York, and the United States District Court for the Southern District of New York. *Id*.

After graduating for Law School, Ms, Hiraman worked at her *alma matter*, Hofstra University, in the admissions and recruiting department and was charged with the responsibility of student recruitment. Fingerhut Decl. ¶40. Then, in the year 2015 Ms. Hiraman began working for the Law Office of Steven Moser as an associate/attorney, also in the area of Employment law. Fingerhut Decl. ¶41. Following her employment at the Moser firm, Ms. Hiraman began working for the law firm Borrelli and Associates in August 2015 through April 2016 wherein she was employed again as an associate/attorney. *Id*. Ms. Hiraman's experience at the Moser and Borrelli Firms mirrored her experience at her employment at Phillips and Associates, which will be explained in detail below. *Id*

Ms. Hiraman was hired by Phillips and Associates in February 2017 as an associate/attorney. Fingerhut Decl. ¶42. In her role, Ms. Hiraman supported several Senior Litigators and Partners in hundreds of employment cases. *Id*. Ms. Hiraman was often assigned to act as the associate for multiple attorneys at a time covering hundreds of cases at once. *Id*.

Ms. Hiraman has written dozens of briefs and has made and opposed numerous applications and/or dispositive motions in the State and Federal Courts of New York – all in the area of employment law and civil rights. Fingerhut Decl. ¶43. Her experience has made her well-versed in multiple areas of employment law. *Id*. Ms. Hiraman was tasked with the responsibility of training and supervising other associates, paralegals and support staff with regard to discovery, procedure, writing and legal research. *Id*.

Ms. Hiraman has since left this firm and has joined the law firm of Wilson Elser as an Associate in their Employment Law division. Fingerhut Decl. ¶44.

Ms. Hiraman expended 92.70 hours of time representing Kathyann Smart in the instant matter. Fingerhut Decl. ¶45. Accordingly, we respectfully request that Ms. Hiraman's prevailing rate be set at $250 per hour.

### 5. *Jennifer Astudillo and Susan Kuralt*

We also seek a rate of $100 per hour for support staff that played a crucial role in the litigation of this case, as well as the preparation for, and execution of, trial. "Recently, reasonable hourly rates in this district have ranged from . . . $70-$100 for paralegals." *Ferrara v. Prof'l Pavers Corp.*, No. 11-CV-1433, 2013 U.S. Dist. LEXIS 40907 (E.D.N.Y. Mar. 23, 2013).

Ms. Astudillo expended 28.70 hours of time and Ms. Kuralt expended 40.60 hours of time assisting the above attorneys in representing Kathyann Smart in the instant matter. Fingerhut Decl. ¶48-49.

In sum, based on (1) precedent above, (2) precedent within the Eastern District of New York for attorneys with similar reputation, experience and skill, and (3) based on evidence of counsels' own rates, the fee applicant requests a finding that the reasonable rate for Mr. Fingerhut is $400, Mr. Calliste, Jr. is $400 per hour, Ms. Jean-Pierre is $350 per hour, Ms. Hiraman is $200 per hour, and support staff is $100 per hour.

### B. The Number Of Hours Reasonably Expended On The Litigation

Counsel and staff expended a total of 460 hours of time representing the Plaintiff in the instant litigation. This time was divided up between (1) Mr. Fingerhut who expended 119.40 hours for the trial of Plaintiff's case, (2) Alexandria Jean-Pierre who expended 110.40 hours for discovery and trial of Plaintiff's case, (3) Gregory Calliste, Jr. who expended 68.20 hours in the prosecution of Plaintiff's case, (4) Yusha Hiraman who expended 92.70 hours in the prosecution of Plaintiff's case, (5) Jennifer Astudillo who expended 28.70 hours in the prosecution of

Plaintiff's case, and (6) Susan Kuralt who spent 40.60 hours in the prosecution of Plaintiff's case. *See* Fingerhut Decl. Ex. B.

### C. The Reasonableness of The Fee

As noted above, in determining reasonableness of the requested fee this Court should consider (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to settlement and (6) public policy considerations. *Goldberger,* 209 F.3d at 50.

As to the first factor, counsel expended a reasonable amount of time on the instant litigation, given the length of time the case was pending, the amount of discovery undertaken, number of witnesses, and length of trial. Moreover, counsel is not requesting attorneys' fees for those attorneys and staff who expended less than 20 hours on the case. As a result, the hours for which fees are sought are reasonable and reflect less time than counsel actually spent performing work on the instant case.

As to the second factor, the instant litigation included complex issues of the law. Plaintiff was first confronted with a breach of counterclaim which was ultimately dismissed. Plaintiff had to successfully prove, which she did, that she was not an independent contractor of the Defendants, but rather an employee. Plaintiff also had to navigate suing a complex web of corporate Defendants which were dissolved and then re-created in at least four different iterations.

As to the third factor, the risk of litigation, this case was litigated on a contingency fee basis. "Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award." *Mills v. Capital One*, 2015 U.S. Dist. LEXIS 133530, *39-40 (S.D.N.Y. Sep. 30, 2015) (internal citations omitted). Likewise, "[r]isk falls along a spectrum, and

should be accounted for accordingly." *Goldberger,* 209 F.3d at 54. Therefore, this factor weighs heavily in Plaintiff's favor as there was a great risk associated with litigating this case.

As to the fourth factor, the quality of representation is reflected in the jury finding for the Plaintiff and awarding both compensatory and punitive damages.

As to the fifth factor, Plaintiff was awarded $260,000 in compensatory and punitive damages. Here, Plaintiff is requesting $143,785 in attorneys' fees, which is 55.3% of the jury verdict.

Finally, Plaintiff was successful on the vast majority of her hostile work environment, retaliation, and NY common law claims.

### D. Reasonable out of pocket expenses

Plaintiff is entitled to reimbursement of the $5,318.80 in reasonable out of pocket expenses incurred in the prosecution of this matter. "Attorneys fees include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *United States Football League v. National Football League*, 887 F. 2d 408, 416 (2d Cir. 1989). Here, Plaintiff seeks reimbursement for expenses related to court costs, depositions, service of process, as well as mediation fees. *See* Fingerhut Decl., Exhibit. C.

Considering these factors together, Plaintiff's request for an award of attorneys' fees in the amount of $143,785, as well as Plaintiff's reasonable out-of-pocket expenses, in the amount of $5,318.80 is reasonable.

### E. Pre-Judgment Interest

Plaintiff respectfully requests $3,942.00 in pre-judgment interest. Under 28 U.S.C. § 1961, interest is to be calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield and can be applied to lost wages awards. Plaintiff was awarded $150,000.00 in lost wages.

Calculating Plaintiff's pre-judgment from her date of termination, Plaintiff is entitled to pre-judgment interest from 2020 – 2024. The average annual rate of return on one year of Treasury bills was: 0.38% in 2020, 0.10% in 2021, 2.79% in 2022, and 5.08% in 2023[1]. For 2024, the annual rate of return is not yet available. Therefore, Plaintiff substituted 4.79%, the average monthly rate of return in January of 2024, which is the only month for which an interest rate was available in 2024. The average of these five figures is: 2.628%.

To calculate pre-judgment interest owed, Plaintiff applied the average interest rate from 2020 to January 2024 — 2.628% — to the portion of the total award for which pre-judgment interest could be calculated — the amount of back pay owed. Applying the average annual interest rate from January 1, 2020, to February 2024, of 2.628%, to the portion of Plaintiff's award for which interest is due, the backpay award of $150,000, Plaintiff calculated that the total pre-judgment interest due to Plaintiff is: $3,942.00.

### F. Post-Judgment Interest

Plaintiff requests that the post-judgment interest is calculated from the date of the entry of judgment to the date Defendants satisfy the judgment at a rate equal to the weekly average 1—year constant maturity Treasury yield, compounded annually. 28 U.S.C. § 1961(a) & (b).

<u>**CONCLUSION**</u>

Based on the foregoing, Plaintiff respectfully requests this Court award $149,103.80 in attorneys' fees and expenses, and $3,942.00 in pre-interest judgment, along with post-judgment interest, pursuant to 28 U.S.C. § 1961, and further, if the Court deems appropriate, and if Plaintiff

---

[1] Average annual interest rates are provided by the US government's website:
https://fiscaldata.treasury.gov/datasets/average-interest-rates-treasury-securities/average-interest-rates-on-u-s-treasury-securities

remains the prevailing Party, Plaintiff respectfully requests permission to supplement her motion for attorneys' fees at such time as Defendants' requests for post-trial relief are ultimately concluded.

Dated: February 2, 2024
         New York, New York

Respectfully submitted,

**Phillips & Associates, PLLC**

By:    */s/ Steven Fingerhut*
Steven Fingerhut, Esq.
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431
sfingerhut@tpglaws.com